UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-00048 |
| | ) | JUDGE CAMPBELL |
| JORGE ARTURO AGUILAR | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's Motion for Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) and Memorandum In Support (Docket Nos. 93, 94); a supplemental brief (Docket No. 99), filed by counsel for the Defendant; and the Government's Response (Docket No. 100). Through his Motion, the Defendant requests a two-level reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made

retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

In this case, the Defendant was charged with possession with intent to distribute five kilograms or more of cocaine. (Docket No. 18). The Defendant pled guilty to the charge without a plea agreement. (Docket Nos. 63, 86). At the change of plea hearing, the Court advised the Defendant that he was subject to a 10-year statutory mandatory minimum sentence. (Docket No. 86, at 3, 6). The 10-year mandatory minimum was applicable pursuant to 21 U.S.C. § 841(b)(1)(A) because the offense involved five kilograms or more of cocaine.

At the sentencing hearing, the Court determined that the safety valve, 18 U.S.C. § 3553(f), did not apply, and that the Defendant remained subject to the statutory mandatory minimum sentence. (Docket No. 87, at 105-08). The Defendant's initial sentencing guideline

range was 46 to 57 months, based on a total offense level of 23 and criminal history category I. (Docket No. 87, at 108). Pursuant to Sentencing Guideline Section 5G1.1(b), however, the mandatory minimum sentence became the guideline sentence. (Id.) Consequently, the Court sentenced the Defendant to 120 months of imprisonment. (Docket Nos. 80, 87, at 108-11). On appeal, the Sixth Circuit affirmed. (Docket No. 91).

As the Amended Presentence Investigation Report indicates, the Defendant remains subject to the statutory mandatory minimum sentence despite Amendment 782's two-level reduction to the Drug Quantity Table. See U.S.S.G. § 1B1.10, App. Note 1(A) (Statutory mandatory minimum is to be applied before determining whether the applicable guideline range has been lowered by a retroactive amendment); United States v. Kelley, 570 Fed. Appx. 525, 531 (6th Cir. 2014)("Accordingly, the amendments at issue do not lower Kelley's applicable guideline range, because the statutory mandatory minimum term of imprisonment trumps his otherwise applicable guideline range."); United States v. McClain, 691 F.3d 774 (6th Cir. 2012).

Because the Defendant's sentence was not based "on a sentencing range that has subsequently been lowered," within the meaning of Section 3582(c)(2), his request for a sentencing reduction based on Amendment 782 is DENIED.

It is so ORDERED.

                                                    *Todd Campbell*
                                               TODD J. CAMPBELL
                                               UNITED STATES DISTRICT JUDGE